Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JORGE ORTIZ JIMÉNEZ Y OTROS<br><br>Recurridos<br><br>v.<br><br>HEIDI ISERN *h/n/c* ISERN REALTY Y OTROS<br><br>Peticionarios | TA2025CE00221 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm. CB2024CV00195<br><br>Sobre: Incumplimiento de Contrato; Cumplimiento Específico |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de agosto de 2025.

Comparece ante nos la parte peticionaria, E.F.R.P. Development Inc. y Eduardo Rivera Parés (en adelante y en conjunto, parte peticionaria), y nos solicita la revisión de *Resolución,* emitida y notificada el 23 de mayo de 2025, por el Tribunal de Primera Instancia, Sala de Mayagüez. Mediante esta, el Foro Primario declaró *No Ha Lugar* una solicitud de desestimación presentada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto solicitado.

### I

Por estar relacionado, y en virtud de ceñirnos a la controversia que nos ocupa, hacemos referencia a los hechos reseñados en nuestro dictamen en el caso núm. KLAN202500328.

En lo pertinente, el 27 de marzo de 2024, la parte recurrida, Jorge Ortiz Jiménez, Alba Franco Rodríguez, y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en adelante y en

conjunto, parte recurrida), presentó una demanda por incumplimiento de contrato y cumplimiento específico, en contra Heidi Isern Huertas, la parte peticionaria, Fulano de Tal y Aseguradora ABC.[1] En síntesis, la parte recurrida adujo que la parte peticionaria, junto a los codemandados, lo indujo a error, mediando dolo en la contratación, al ocultarle información sobre un proyecto llamado *Pelican Coast Boquerón* que afectaba el terreno objeto del contrato de opción de compraventa suscrito por ambos. Sostuvo que la parte peticionaria le ocultó información sobre las condiciones de la aludida propiedad, y que violentó las disposiciones de la *Ley para Reglamentar el Negocio de Bienes Raíces y la Profesión de Corredor, Vendedor o Empresa de Bienes Raíces en Puerto Rico*, Ley Núm. 10 de 26 de abril de 1994, 20 LPRA sec. 3054, así como el principio de la buena fe contractual.

Posteriormente, el 24 de febrero de 2025, la parte peticionaria presentó una *Moción de Desestimación*.[2] En la misma, alegó que el contrato suscrito entre las partes tenía una cláusula con una condición suspensiva. Se específico que la aludida cláusula disponía que la parte recurrida debía presentar evidencia de pre cualificación o evidencia de fondos disponibles dentro de un tiempo determinado. Se alegó que el referido término había vencido sin que la parte recurrida entregara lo solicitado, por lo que arguyó que el contrato en controversia perdió su eficacia, lo cual lo exoneraba de su obligación. Por ello, planteó que la parte recurrida no podía exigir el cumplimiento específico de lo acordado, lo que implicaba que las alegaciones esbozadas en la demanda no justificaban la concesión de un remedio. De este modo, la parte peticionaria le solicitó al Foro Primario la desestimación de la reclamación en su contra.

---

[1] Apéndice del recurso, Entrada Núm. 1.
[2] *Íd.*, Entrada Núm. 62.

El 26 de marzo de 2025 la parte recurrida presentó su *Oposición a Moción de Desestimación.*[3] A pesar de aceptar que no cumplió con la aludida condición suspensiva, arguyó que su causa de acción no estaba limitaba al incumplimiento contractual, sino que también incluía alegaciones relacionadas al dolo contractual. Por lo cual, sostuvo que la demanda tenía hechos que justificaban la concesión de un remedio.

Evaluadas las posturas de ambas partes, el 23 de mayo de 2025, el Tribunal de Primera Instancia emitió la *Resolución* recurrida.[4] En esta, el Foro Primario concluyó que, al tomar como ciertas las alegaciones esbozadas en la demanda, estas contenían elementos suficientes para sostener la causa de acción de la parte recurrida. Por ello, determinó que era necesario llevar a cabo un juicio en su fondo, en el cual ambas partes tuviesen la oportunidad de probar el cumplimiento o incumplimiento de la parte adversa con lo expresamente pactado en el contrato en controversia. Así, por entender que era necesario sopesar la prueba y credibilidad de los testigos que se presentarían en su día, el Foro *a quo* declaró *No Ha Lugar* la solicitud de desestimación.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 30 de julio de 2025, la parte peticionaria presentó en recurso de *Certiorari* ante nos, y señala la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia al no desestimar la causa de acción a pesar de que los propios demandantes recurridos, libre y voluntariamente incumplieron con las condiciones suspensivas a las que se obligaron de manera contractual.

> Erró el Tribunal de Primera Instancia al requerir la celebración de un juicio plenario porque en todos los casos que envuelven controversias de interpretación contractual hay que celebrar uno, aunque la clausulas sean claras, sencillas, específicas y libre de toda ambigüedad.

---

[3] SUMAC del Tribunal de Primera Instancia, Entrada Núm. 72.
[4] Apéndice del recurso, Entrada Núm. 79.

## II

Sabido es, que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, págs. 68-69, 215 DPR ___ (2025).

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

**III**

En el caso ante nos, la parte peticionaria alegó el Tribunal de Primera Instancia incidió al no desestimar la causa de acción en su contra, a pesar de que la parte recurrida aceptó haber incumplido con el contrato en controversia. Asimismo, planteó que el Foro Primario erró al exigir la celebración de un juicio en su fondo.

Habiendo examinado el referido planteamiento, *denegamos* la expedición del auto solicitado.

Tras evaluar el expediente ante nuestra consideración, no identificamos fundamento jurídico alguno que justifique revocar la determinación impugnada. Surge del presente caso que el Tribunal de Primera Instancia ejerció de manera adecuada la discreción que le confiere nuestro estado de derecho, por lo que no incurrió en un error manifiesto que amerite nuestra intervención. Por tanto, es nuestra apreciación que no se configura una excepción que nos permita apartarnos de la norma de abstención judicial.

Así, al amparo de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto que nos ocupa.

**IV**

Por los fundamentos que anteceden, se *deniega* la expedición del recurso de *Certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones